## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JOY EVELYN DEGROAT,**

      **Plaintiff,**

**v.**                                  **No. 1:23-cv-00090-KK-SCY**

**MARCOS CORDERO, BRIAN SANCHEZ,**
**COREY NEWMAN,** *in their official and*
*Individual capacities,* **and NEW MEXICO**
**STATE POLICE DEPARTMENT, and**
**John Does 1, 2, and 3,**

      **Defendants.**

## DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

COMES NOW Defendants Marcos Cordero, Brian Sanchez, Corey Newman, and the New Mexico State Police Department ("NMSP") (collectively "Defendants"), by and through their counsel of record, Garcia Law Group, LLC (Andrew J. Deakyne, Bryan Garcia, and Jade Delfin), and respectfully requests this Court set aside the Clerk's Entry of Default filed on October 10, 2023 in this matter[1]:

## BACKGROUND

On January 30, 2023, Joy Evelyn DeGroat ("Plaintiff") filed her *Complaint for Civil Rights Violations, Tort Claims, and Damages*. [Doc. 1]. Approximately three and a half months later, the Court entered its Order to Show Cause on May 23, 2023, which ordered service be effectuated or Plaintiff provide a written explanation as to why service had not been made. [Doc. 3]. Plaintiff's Response to the Order to Show Cause stated that a process server had been hired to effectuate

---

[1] As required by D.N.M. LR Civ. 7.1(a), Defendants attempted to determine whether this motion was opposed prior to its filing but were unable to reach Plaintiff's counsel to obtain his position, left a voice mail, and did not receive a call back prior to filing.

service, and that service upon the New Mexico State Police Department had been completed on May 31, 2023. [Doc. 4]. Plaintiff filed a return of service on June 1, 2023, purportedly showing service had been effectuated upon the New Mexico State Police on May 31, 2023. [Doc. 5]. Plaintiff also filed a return of service for the three individually named officers on June 7, 2023, which purported to show service had been made on June 1, 2023. [Docs. 7-9]. However, after a review of these filings, it is clear that Plaintiff has failed to perfect service upon any of the Defendants under the Federal Rules of Civil Procedure, or under the New Mexico Rules of Civil Procedure.

Additionally, Defendants have retained counsel to defend them in matter, and as evidenced by their Entry of Appearance filed concurrently with this Motion, and thus have manifested an intent to defend themselves. Further, Defendants assert that they have meritorious defenses to this Plaintiff's claims including Eleventh Amendment immunity, the statute of limitations, and qualified immunity, and intend to move for dismissal of Plaintiff's Complaint. Accordingly, the Clerk's Entry of Default should be set aside and the parties permitted to proceed with litigation.

## **LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (unpublished) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). Second, the party must either request the clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by

computation," Fed. R. Civ. P. 55(b)(1), or, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

If a party in default acts before entry of judgment, Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). "Default judgments are a harsh sanction," *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citation omitted). As such, default judgments are "not favored by courts." *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (citation omitted). Further, courts do not favor such a sanction "purely as a penalty for delays in filing or other procedural error." *Noland v. City of Albuquerque*, No. CIV 08-0056 JB/LFG, 2009 U.S. Dist. LEXIS 74238, 2009 WL 2424591, at *1 (D.N.M. June 18, 2009) (Browning, J.) (quoting *In re Rains*, 946 F.2d at 733). Because of a default judgment's disfavored status, "the good cause required by [Rule] 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under [Rule] 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted); *see also Behounek v. Lujan Grisham*, No. 1:20-CV- 00405-JCH-LF, 2020 U.S. Dist. LEXIS 179378, 2020 WL 5757798, at *3 (D.N.M. Sept. 28, 2020) (stating that the "good cause standard" is fairly liberal because '[t]he preferred disposition of any case is upon its *merits* and not by default judgment'") (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

## LEGAL ARGUMENT

## I.   THE DISTINCTION BETWEEN AN ENTRY OF DEFAULT AND A DEFAULT JUDGMENT

The distinction between setting aside an entry of default and setting aside a default judgment reflects the different consequences of the two events and the different procedures that bring them about. For an entry of default, the clerk may enter a default upon the application of the

non-defaulting party. This entry is merely an official recognition of the fact that one party is in default and is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b). *See Bowman v. Friedman*, No. CIV 21-0675 JB/SCY, 2022 U.S. Dist. LEXIS 66317, *11 (D.N.M. Apr. 11, 2022) (*quoting* 10A Wright & Miller, *supra*, § 2692). In sharp contrast, a final default judgment is not possible against a party in default until the measure of recovery has been ascertained, which typically requires a hearing, in which the defaulting party may participate; in some situations, a jury trial may be made available to determine an issue of damages. *Id.* Moreover, the entry of a default judgment is a final disposition of the case and an appealable order. *Id.*

While there are some differences between setting aside the entry of default and setting aside a default judgment, there are some important similarities, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense. *See Pinson v. Equifax Credit Info Servs., Inc.*, 316 F. App'x at 750 ("In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." (internal quotes omitted); *See also United States v. $285,350.00 in U.S. Currency*, 547 F. App'x 886, 887 (10th Cir. 2013) (unpublished) ("Three requirements must be met when setting aside a default judgment under Rule 60(b): (1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." (internal quotes omitted).

## II. THE ENTRY OF DEFAULT SHOULD BE SET ASIDE GIVEN THAT DEFENDANTS HAVE MANIFESTED AN INTENT TO DEFEND THEMSELVES

Strong policies favor the resolution of disputes on their merits: "The preferred disposition of any case is upon its merits and not by default judgment…unless the] preference is counterbalanced by considerations of social goals, justice and expediency." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). "The default judgment must normally be viewed as available *only when the adversary process has been halted because of an essentially unresponsive party*. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection" *In re Rains*, 946 F.2d 731, 732-33, citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 139 U.S. App. D.C. 256, 432 F.2d 689, 691 (D.C. Cir. 1970) (emphasis added).

Counsel for Defendants has entered an appearance filed contemporaneously with this motion twenty-one days after Plaintiff filed her Application for Entry of Default. [Doc. 11]. In filing the Entry of Appearance, and this Motion to Set Aside, Defendants have expressly manifested an intent to defend themselves. Plaintiff therefore cannot reasonably assert that Defendants are unresponsive parties. Neither can Plaintiff argue that the adversary process has been halted or that she faces interminable delay because of Defendants' actions. As of the filing of this Motion, Plaintiff has not moved for default judgment and Defendants' Motion to Dismiss is forthcoming. Because Defendants are defending themselves, and because courts have a strong preference to resolve cases on their merits rather than by procedural default, the Clerk's Entry of Default [Doc. 16] should be set aside.

## III. GOOD CAUSE EXISTS TO SET ASIDE DEFAULT THE ENTRIES OF DEFAULT.

To determine if the moving party has proven good cause, the district court should consider the following three factors: 1) whether the default was willful; 2) whether setting default aside

would prejudice the adversary; and 3) whether a meritorious defense is presented. *See Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014). These factors are not "talismanic." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (Table). The district court need not consider each factor and may also consider other factors. *Id.* Finally, "[t]he defaulting party has the burden of proving that the default and default judgment should be set aside." *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987). Here, the good cause factors weigh in favor of setting aside the entry of default against Defendants under Fed. R. Civ. P. 55(c).

> **A.    The Entry of Default Should be Set Aside Because Defendants Did Not Default Willfully.**

Concerning the first factor, willfulness, also referred to as culpability, "[g]enerally a party's conduct will be considered culpable *only if* the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres., Routt Cty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (emphasis added) (internal citation omitted). Defendants' failure to answer was not a willful disregard for the Court. On the contrary, Defendants have begun to take action despite having never received service of process as argued *supra*. Defendants are ready, willing, and able to defend themselves, and will be filing a Motion to Dismiss Plaintiff's Complaint.

Further, courts disfavor default judgment purely as a penalty for delays in filing or other procedural error. *See Noland v. City of Albuquerque*, No. CIV 08-0056JB/LFG, 2009 U.S. Dist. LEXIS 74238, 2009 WL 2424591 (D.N.M. June 18, 2009). Therefore, Defendants' failure to timely answer is insufficient by itself to obtain default judgment under the Plaintiff's allegations in her Complaint. In addition, Defendants sought to retain legal counsel for this matter. Defense counsel needed time to complete the firm's conflict checks, review the pleadings already in the record, draft this motion, and then enter their appearance after the conflict checks were clear. This

due diligence does not rise to the level of culpable conduct under Rule 55(c) and therefore the first factor weighs in Defendants' favor.

**B.      The Entry of Default Should be Set Aside Because There is No Prejudice to Plaintiff.**

As to the second factor, there is no prejudice that would result to Plaintiff if the entry of default is set aside. The Tenth Circuit has explained that "[t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d at 732. That is not the case here. Plaintiff delayed any attempts of effecting service of process on any of the Defendants for over four months, and only took such action after the entry of the Court's Order to Show Cause [Doc. 3]. Coincidentally, that is approximately the exact same amount of time that has passed since Plaintiff's purported service of process upon Defendants and the filing of this Motion to Set Aside. Thus, any delays to the resolution of this matter are equally due to Plaintiff's own conduct. Further, as will be expanded upon in the forthcoming Motion to Dismiss, Plaintiff delayed filing her Complaint for over two years since the alleged misconduct, leading to a statute of limitations issue, and failed to properly serve a single named Defendant.

As Plaintiff waited nearly two and a half years before even attempting to notify the Defendants of her claim, the four-month delay for Defendants' Entry of Appearance is not prejudicial. Any loss of evidence of  After learning of the Entry of Default, Defendants promptly move herein to set aside the entry. *See Lucero as Next Friend to Lucero v. City of Clovis Police Dep't*, No. 2:19-CV-445 KWR/KRS, 2021 U.S. Dist. LEXIS 69679, 2021 WL 1326937, at *4 (D.N.M. Apr. 9, 2021), report and recommendation adopted, No. 219CV00445KWRKRS, 2021 U.S. Dist. LEXIS 116296, 2021 WL 2525644 (D.N.M. June 21, 2021) ("Courts have consistently held that an *unintentional or good faith mistake does not rise to the level of culpable conduct* under

Rule 55(c), particularly where a party takes prompt action to remedy its error.") (emphasis added) (citation omitted). Accordingly, the second Rule 55(c) factor weighs in Defendants' favor.

C.    **The Entry of Default Should be Set Aside Because Defendants Have Meritorious Defenses.**

The third factor examines whether Defendants have asserted a meritorious defense. For this factor, Defendants are not required to persuade the Court that they are likely to prevail on their defenses. *Securitynational Mortg. Co. v. Head*, No. 13-CV-03020-PAB-BNB, 2014 U.S. Dist. LEXIS 129351, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("A movant is not required to demonstrate a likelihood of success on the merits.") (internal quotation and citation omitted). "Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). "Whether or not those allegations are true is not determined by the court upon the motion to set aside the default, but would be the subject of later litigation." *Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*, 296 F.R.D. 649, 654 (D. Idaho 2013) (citing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010)).

Defendants will explain, in a separate Motion to Dismiss, how the factual allegations of Plaintiff's Complaint demonstrate the clear basis of reasonable articulable suspicion and probable cause to detain and investigate Plaintiff for driving while under the influence. Thus, the individual Defendants will be entitled to qualified immunity in their individual capacities. Further, Section 1983 claims are not available against the officers in their official capacity, or against the Defendant entity, as both are "non-persons" and additionally are entitled to Eleventh Amendment immunity. In relation to the state tort claims, Plaintiff's own allegations show that she failed to send a timely notice of her tort claim or file her Complaint within the New Mexico Tort Claim Act's two-year

statute of limitations. These defenses will be fully articulated in the forthcoming Motion, which

defense counsel anticipates filing in approximately one week from the time of this filing.

Given the clear factual basis for probable cause articulated in Plaintiff's own Complaint,

and the immunities applicable to the claims Plaintiff is bringing, these legal defenses present

meritorious defenses for all of Plaintiff's claims against the Defendants. *See Roberson v. Farkas*,

No. CV 09-795 JCH/WDS, 2011 U.S. Dist. LEXIS 174354, 2011 WL 13117113, at *5 (D.N.M.

Sept. 30, 2011) (stating that a meritorious defense must be legally cognizable). Thus, the third

factor used in determining good cause to set aside an entry of default is also met here.

## IV.    THE ENTRIES OF DEFAULT SHOULD BE SET ASIDE BECAUSE PLAINTIFF HAS NOT PROPERLY SERVED DEFENDANTS.

The Federal Rules of Civil Procedures establishes the requirements for effecting service of

process on individuals and governmental defendants:

> (e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed— may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

> (j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT.
> …
> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j).

### A.    Plaintiff has not served any of the individually named Defendants

Plaintiff has brought her claims against three NMSP officers in their official and individual capacities, as identified in the caption of this matter; However, claims against the individual Defendants in their official capacity, as well as against the entity are essentially just claims against the state of New Mexico. *See Paschall v. Frietz*, 461 F. Supp. 3d 1145, *1151 (D.N.M. 2020) (*citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1986) (an official capacity suit is treated as a suit against the state); *Griess v. Colo.*, 841 F.2d 1042, 1045 (10th Cir. 1988)). While Plaintiff has also not properly served the entity as discussed *infra*, this section will focus on the lack of service to the individual capacity Defendants.

Plaintiff filed three Return of Service forms on June 7, 2023, stating that a copy of the Summons for each individual Defendant was served upon Lt. Shawn Martin by a process server on June 1, 2023. [Docs. 7-9]. However, service of process upon an individual's coworker or supervisor is not proper under the Federal Rules of Civil Procedure or the New Mexico Rules of Civil Procedure.[2] *See* Fed. R. Civ. P. 4(e); *see also* Rule 1-004(F) NMRA. While the form executed by Plaintiff's process server indicates Lt. Martin was designated to accept service on behalf of the individuals, the basis for that assertion is unclear. Upon information and belief, Lt. Martin was never specifically authorized by the three individual Defendants to accept service of process of federal lawsuits on their behalf in their individual capacity.

Plaintiff's Return of Service for each Defendant does not assert that three copies of the Complaint were served with the Summons. [Docs. 7-9]. Further, it appears that Plaintiff has also

---

[2] Upon information and belief, at least one of the individual Defendants no longer is employed by the NMSP.

failed to serve the New Mexico Attorney General with any service of process for this lawsuit. *See* NMSA 1978, § 38-1-17(D); *see also* Rule 1-004(H)(1)(c) NMRA. Absent personal service to both the employees and to the attorney general, Plaintiff has not yet perfected service. *See Paschall v. Frietz*, 461 F. Supp. 3d 1145, *1151 (D.N.M. 2020). Because Plaintiff served only a copy of the summons to an individual who was not authorized to accept service on the individual Defendants' behalf and has never served the New Mexico Attorney General, Plaintiff has failed to satisfy the Rules of Civil Procedure. Accordingly, Plaintiff has not perfected service upon any of the individual Defendants under Fed. R. Civ. P. 4(e) nor under Rule 1-004(F) NMRA.

**B.     Plaintiff has not properly named or served the Defendant Entity.**

Plaintiff's Complaint seeks to bring claims against the NMSP; However, she has failed to name the proper entity or effect service directly upon the New Mexico Department of Public Safety's ("NMDPS") Chief Executive Officer, Cabinet Secretary Jason Bowie. Plaintiff filed a Return of Service on June 1, 2023, stating that a copy of the Summons was served upon Cabinet Secretary, Jason Bowie's assistant, Michelle Vattaro, by a process server on May 31, 2023. [Doc. 5].  However, the return does not assert that a copy of the Complaint was served, nor that the New Mexico Attorney General was ever served with process. Thus, the service is deficient under both federal and state law.

Under Fed. R. Civ. P. 4(j)(2), Plaintiff has two options for effectuating service of process upon the NMSP. Plaintiff's first option under Rule 4(j)(2)(A) is to deliver a copy of the summons and complaint to the Defendant entity's chief executive officer. Here, Plaintiff's return of service [Doc. 5] shows that she did not effect service upon the head of NMDPS, but instead served his executive assistant.  As this fails to meet the plain wording requirements of the Federal Rule of Civil Procedure, the analysis may continue to the next option.

The second option for service under Rule 4(j)(2) is to serve a copy of the summons and complaint in the manner prescribed by the law of the State of New Mexico. The New Mexico Rules of Civil Procedures establishes service of process for governmental defendants:

> H.  Process; service upon state or political subdivisions.
> (1)     Service may be made upon the State of New Mexico or a political subdivision of the state:
> …
> (b) in any action in which a branch, agency, bureau, department, commission or institution of the state is named a party defendant, by delivering a copy of the process to the head of the branch, agency, bureau, department, commission or institution *and* to the attorney general;
> (c) in any action in which an officer, official, or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, by delivering a copy of the process to the officer, official or employee *and* to the attorney general;

Rule 1-004(H) NMRA (emphasis added).

While New Mexico law authorizes a "receptionist" to an executive secretary to accept service on their behalf, service of process must also be made to the Attorney General under New Mexico Law. *See* NMSA 1978, § 38-1-17(C) and (H). Thus, as was true with the individual Defendants, Plaintiff's attempt to effect service upon the Defendant entity is also insufficient because she has not demonstrated service to the New Mexico Attorney General, as also required by Rule 1-004(H)(1)(b) and (c) NMRA. Notably, there is not a single summons return for the New Mexico Attorney General filed in this matter. Therefore, Plaintiff has not met her burden to effect service on the NMSP, or as would be more proper, upon NMDPS.

Lastly, Plaintiff may not rely on what might be characterized as the constructive service or actual notice of the pendency of this action to the Defendants, as Supreme Court precedent dictates that no weight should be given to the knowledge, presumptions, or constructive or actual notice of the parties. *See Paschall v. Frietz*, 461 F. Supp. 3d 1145 (D.N.M. 2020) (*citing Furness*, 2013 U.S. Dist. LEXIS 110631, 2013 WL 3995258, at *3, *and Murphy Bros.*, 526 U.S. 344, 119 S. Ct. 1322,

143 L. Ed. 2d 448). For these reasons, Plaintiff has failed to show effective service under federal or state rules of civil procedure. Absent proof of proper service, Plaintiff is not entitled to an entry of default nor judgment against these Defendants, and the Entry of Default should be set aside.

## <u>CONCLUSION</u>

Good cause exists to set aside the Clerk's Entry of Default against Defendants. First, the factors for setting aside the entry of default under Fed. R. Civ. P. 55(c) shows that all three factors favor Defendants because Defendants' conduct leading to the default was not culpable, setting aside the default would not prejudice the Plaintiff, and Defendants have meritorious defenses for Rule 55(c) purposes. Second, Defendants have expressly manifested their intent to defend against this lawsuit. Third, Plaintiff has not properly served Defendants. For these reasons, the Clerk's Entry of Default should be set aside and the parties should proceed with litigation.

**WHEREFORE**, Defendants respectfully request that this Court: 1) Grant their Motion to Set Aside Entry of Default; 2) Enter an Order Setting Aside *Clerk's Entry of Default*; and 3) Grant all other relief this Court deems just and proper.

Respectfully submitted,

**GARCIA LAW GROUP, LLC**

*/s/ Andrew Deakyne*
Bryan C. Garcia
Andrew Deakyne
Jade Delfin
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
bgarcia@garcialawgroupllc.com
adeakyne@garcialawgroupllc.com
jdelfin@garcialawgroupllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CMECF on this the 27th day of October 2023, which caused service to all counsel of record.

*/s/ Andrew Deakyne*
Andrew Deakyne